## SUPREME COURT.

### HARRIS agt. MULOCK AND WIFE.

Where there is no place appointed, either in the bond or mortgage at which the principal or interest is to be paid, the debtor is bound to seek the creditor to make his payments; it is not a case where a *demand* is necessary before suit brought.

Where the creditor went to the office of the debtor to receive payment of a bond and mortgage, and while in the act of counting one of several packages of bank bills delivered to him by the debtor as payment, suddenly left the office, for the reason, as he alleged, that insulting language was used toward him by the debtor,—*held*, that the money not being current coin would not be a tender, had the creditor objected to it for that reason; therefore, to constitute that money a tender, the debtor must have given the creditor time sufficient to enable him to ascertain whether the money was of such description as he would be willing to receive, instead of current coin.

Also *held*, that from the evidence, the creditor was justified in leaving as he did; the debtor, therefore, had not made a sufficient tender, and was bound to seek the creditor for that purpose.

Harris agt. Mulock and wife.

New-York Special Term, November, 1853. Motion for judgment on complaint, answer and replication in foreclosure case.

On the 30th of April, 1836, the plaintiff, Samuel Harris, purchased of Thomas McKie, executor of Daniel Clark, the house and lot No. 400 Hudson-street, in the city of New-York, for $6,300 : he paid $3,300 in cash, and gave his bond, secured by his and his wife's mortgage upon the premises for $6,000 penalty, conditioned to pay $3,000 on the 1st of May, 1841, with 6 per cent. interest, payable half-yearly on the 1st of May and November in each year.

° The deed and mortgage were duly recorded.

1836. 19th December. The plaintiff, Samuel Harris, and Amanda his wife, conveyed the property to Maria Wood, now Mrs. Mulock, for $7,000, $4,000 of which was paid in cash, and Mrs. Wood, now Mrs. Mulock, assumed to pay Harris's bond and mortgage of $3,000 to Mr. McKie : the deed of Harris and wife to Mrs. Wood contains a clause expressly to that effect.

Mrs. Wood also executed to Mr. Harris a covenant to indemnify him and his representatives from all damages and liabilities growing out of his bond.

The deed from Harris and wife was duly recorded.

1842. June 13. Mulock and wife paid to McKie $1,000 of the principal on the bond and mortgage.

1843. December 31. McKie assigned the bond and mortgage to David Clark.

1848. October 13. David Clark assigned the bond and mortgage to Herbert Hall.

Both these assignments were duly recorded.

The assignments to Hall were for the benefit of Samuel Harris. Harris furnished the consideration; he had the assignment, with Hall's permission, taken in the name of Hall, because he feared if he took it directly to himself, it might be deemed a payment, and he would lose his lien upon the lot and house, if not his claim.

No place is designated either in the bond or mortgage at which payment is to be made.

1850. About the middle of May, the plaintiff, Samuel Harris, called at the office of William Mulock, and stated to Mr. Mulock: "I have been informed by Mr. Herbert Hall that you (Mulock) desire to pay off the mortgage upon the house in Hudson-street." Mr. Mulock replied, "Yes, that is so. I have provided myself with the necessary funds for that purpose, intending when Mr. Herbert Hall calls for the interest money due on the 1st of the month, to pay him the principal and interest." Mr. Harris replied, "The mortgage belongs to me; I furnished the funds to take it up, and was advised to take the assignment in the name of Mr. Hall: he has no interest in it now." To which Mr. Mulock replied, "Very well, sir; then I must pay you, I suppose. I have the funds lying by me idle; we may as well arrange it now." Mr. Harris replied, "I am not ready now." Mr. Mulock asked, "When can you be ready?" Mr. Harris replied, "On the 29th."

A few days after this interview of the middle of May, 1850, Mr. Mulock, in his office, handed to Mr. Evans the packages of bank bills which will be hereafter mentioned, to place for safe keeping in his, Mr. Evans's, iron safe, which is the first these packages of money appear in this matter.

1850. May 28. Mr. Herbert Hall assigned the bond and mortgage to Samuel Harris, the plaintiff.

1850. May 29. Mr. Harris again called at the office of Mr. Mulock, according to the previous appointment, and took a seat beside a small table. Mr. Mulock placed upon the table before Mr. Harris ten or twelve packages of bank bills; each package contained a large number of bills; the label of each package was marked with the amount of money it contained; the bills, through all the parcels, were of the denomination of ones and twos, with an occasional ten and twenty; the aggregate amount of money in all the packages was $2,100; there were $7 uncurrent money contained in the packages, which had the general appearance of the current bills of the city.

As Mr. Mulock laid these packages of bills upon the table, on the top of each other, he observed: "Sir, there are $2,100,

something more than the amount of your claim; count it, and take out what is coming to you."

Mr. Harris took up and counted the upper package, and was in the act of recounting the same package, not having yet touched any of the other packages, when Mr. Mulock inquired, "How much do you make the interest?" Mr. Harris leaned toward some papers near him on the table, and said, "Eighty dollars, wanting some cents," or, "Eighty dollars and some cents." Mr. Mulock observed, "You are not going to charge me interest after the time I offered to pay you the money?" Mr. Harris replied, "I demand interest up to to-day." Mr. Mulock said, "Very well, I will pay you the amount you demand; but I must say, that under the circumstances, I consider it but *little better than extortion.*" Whereupon Mr. Harris dropped the package of bills he had in his hands, gathered up his papers, put on his hat, and made for the door. Mr. Mulock observed, "I want no difficulty with you: I repeat, I will pay you the amount you claim; I do not want to be delayed any longer in this matter." Mr. Harris proceeded, and as he opened the door, he said, "If you want me, you must come after me." These facts are found from the testimony of Mr. Evans, the only witness to the occurrences at the interview between the parties.

———— *for motion.*
———— *opposed.*

Morris, Justice. From the facts proved by Mr. Evans, I must determine whether a tender was made by Mr. Mulock.

In this case the money placed upon the table was not current coin of the state, and would not be a tender, had Mr. Harris objected to it for that reason; therefore to constitute that money a tender, Mr. Mulock must have given Mr. Harris time sufficient to examine the money to enable him to ascertain whether the money was of such description he would be willing to receive, instead of current coin, in satifaction of his demand.

There being no place appointed either in the bond or mort-

gage at which the principal or interest was to be paid, the debtor was bound to seek the creditor to make his payments, not the creditor to seek the debtor to receive payment: it is not a case where a demand was necessary before suit brought : a suit could have been instituted and sustained without previous demand of payment; therefore Mr. Harris was under no legal obligation to be in Mr. Mulock's office, for the purpose of receiving what was due to him, as would have justified his remaining there to get the money, after he should be ordered out; neither was he so bound to receive his money at that place, as to compel him to remain and receive insult until he could get his money. Mr. Harris's call at the office of Mr. Mulock was an act of accommodation to Mr. Mulock, and he was not bound to remain there one moment beyond the period Mr. Mulock should commence to treat him discourteously.

The fact that Mr. Harris called at the office of Mr. Mulock, instead of instituting a suit, or compelling Mr. Mulock to seek him out, shows he was actuated from a spirit of accommodation; and the fact that Mr. Harris commenced to count packages of bills composed of ones, twos, tens, and twenties, amounting to $2,100, for the purpose of taking out of them $2,080 and some cents, or $2,079 and some cents, shows an entire absence of captiousness on his part, for had he been captiously inclined, all he would have been obliged to say was, " I refuse bills."

Mr. Mulock used the insulting words to Mr. Harris, proved by Mr. Evans, before Mr. Harris had satisfactorily accomplished the count and examination of the first package of bills. He was not compelled to remain after that insult, consequently Mr. Mulock did not give him time sufficient to be called upon to say whether or not he would receive the bills, instead of the current coin to which he was entitled by law.

The plaintiff in this suit is the owner of the bond and mortgage described in the complaint, and of the amount due thereon, and the same is a lien upon the property of the defendants mentioned therein.

There has been no tender proved.

The plaintiff is entitled to judgment according to the prayer of his complaint for the amount of principal and interest up to this date due on the bond and mortgage.

I refer the computation of interest to Mr. Dunsenbury, one of the clerks of this court. He will compute interest on two thousand dollars from 1st of November, 1849.